## 33360. JONES *et al. v.* STATE OF GEORGIA *et al.*

DECIDED FEBRUARY 9, 1951.

*Louis H. Foster,* for plaintiffs in error.

*Edwin A. Carlisle, Solicitor, George T. Smith,* contra.

FELTON, J. The only evidence introduced by the State was the testimony of the Sheriff of Grady County as to the facts immediately surrounding the seizure of the truck. C. P. Whidden testified on behalf of the intervenor that late in April, 1950, he had traded the seized truck to the intervenor and that the unpaid balance represented by the intervenor's notes was unsecured. Luther Craven, the person apprehended, testified for the intervenor that he had been working for Jones for about a year and boarded with and lived in the house with Jones and his family; that on the night of July 2, 1950, he asked Jones if he could borrow his truck to go to town, which was Cairo; that his car was torn down and he had no way to ride unless he could borrow the intervenor's truck; that the intervenor told him he could have it for the purpose of going to town; that he left the house and went and bought the whisky, put the whisky in the truck and was on his way to a customer to sell it when he was caught by the sheriff; that the intervenor did not know his intention to transport whisky in the truck; that he had no interest in the truck, that it belonged to the intervenor; that he and the intervenor were not in the whisky business together;

that he did not tell the intervenor of his intention to transport whisky in the truck; that he did not see the intervenor any more after driving away with his truck until after he had been arrested; that he did not at any time have permission from the intervenor to use said truck to transport illegal whisky and did not have from the intervenor either express or implied authority to so use said truck. R. T. Jones, intervenor, testified that he purchased the truck from C. P. Whidden; that he was the owner of the truck, owing a balance on the purchase price to Whidden; that Luther Craven had borrowed his truck on the night he was apprehended for the purpose of going to Cairo; that he let Craven have the truck because Craven's car was torn down; that he did not given Craven permission to use the truck for transporting illegal whisky; that he did not know that the truck was to be used for such purpose; that he did not see Craven nor the truck until the next day when he found out that Craven had been arrested and the truck seized; that he knew nothing of the actions of Craven after he left the house with the truck; that the truck did not have any whisky in it at the time Craven borrowed it; that the truck was registered in his name as owner by the State Revenue Department on May 20, 1950; that he had not transferred his certificate of registration to anyone else; that he was owner of the truck and that the truck was registered in his name on July 2, 1950. The intervenor introduced into evidence a Georgia 1950 Certificate of Registration on the truck in question issued to R. T. Jones, Cairo, Georgia. There are no entries on the reverse side of the certificate. We think that the evidence demanded a finding in favor of the intervenor. The only contention made by the defendant in error to sustain the trial court's ruling is that the intervenor did not prove, as required by Code § 58-207 (g), that the vehicle seized was legally registered with the State Motor Vehicle Department in the true name and address of the owner in that proof that the vehicle was so registered on May 20, 1950 was not proof that the vehicle was registered in the name of the true owner on July 2, 1950, the date of seizure, and that the vehicle could have been transferred to Craven, or to someone else, subsequently to May 20, 1950. This contention is without merit. The intervenor swore that he was the owner of the truck at the time it

was seized; that it was registered with the State as such and that he had not transferred the certificate of registration to anyone else since it was registered in his name. He also introduced in evidence his certificate of registration on the truck. Code § 68-207 provides that in order to transfer a certificate of registration of a vehicle to another, the owner of the vehicle transferred shall on the certificate of registration thereof assign in writing in the form prescribed thereon said registration of the motor vehicle and make a statement of total amount of liens, if any, thereon, and shall deliver such certificate at the time of transfer; that the transferee of the certificate shall immediately surrender the transferred certificate to the State Revenue Commission and apply for and be granted a new certificate of registration. Under this Code section then, it should be presumed, unless rebutted, that where a person holds an unassigned certificate of registration on a vehicle, the registration of such vehicle is still in his name on the records of the State Revenue Commission.

The court erred in directing a verdict for the State of Georgia. *Judgment reversed. Sutton, C. J., and Worrill, J., concur.*